HALL, VINCENT T., Associate Judge.
This matter has come on for review by the Appellate Court of a Final Judgment finding that the Appellant, Tamiami Abstract & Title Company, has no interest in the mortgage being foreclosed in this action, and dismissing the complaint in foreclosure.
The record reveals that on or about March 19, 1959, Theodore R. Potter and Mary Lou Potter, his wife, executed and delivered to Heymar Holding Corporation, a Mortgage securing a loan of $2,763.43, that was filed for record on April 15, 1959. On April 22, 1959, Heymar Holding Corporation executed and delivered a collateral assignment of the mortgage to Pauline Berman to secure a loan of $1,500.00. The assignment was recorded on April 28, 1959. The assignment became void upon the complete payment of the loan, including inter *138 est, on or before July 10, 1962. If the payments were not made according to the terms of the assignment, and were in default for a period of thirty (30) days, the party of the second part, Pauline Berman, • had the following- rights under paragraph 5: “In the event of any default in the performance or observance of the conditions or covenants of the said mortgage hereby assigned, whether before or after any default in the performance or observance of the conditions and covenants hereof the said party of the second part, her executors, administrators, or assigns, may take any remedy by foreclosure or otherwise by the said mortgage conferred for the recovery of the debt and interest thereby secured, or to enforce or realize the security therefore, but it shall not be incumbent upon them so to do.”
On or about February 3, 1961, Pauline Berman died. Appellee, Morris V. Ber-man, was subsequently appointed • Executor of her estate.
Heymar Holding Corporation went into bankruptcy, and Morris V. Berman, as Executor of the Estate of Pauline Berman, filed a claim in bankruptcy. The claim alleged that the note was in default, and the entire balance was due as of June 26, 1962. He further claimed outright possession of said mortgage under the terms of the collateral assignment. The record reflects that at no time did any party to the assignment or the Referee in Bankruptcy object to the claim of outright possession of said mortgage under the terms of the assignment.
The property subject to the aforesaid mortgage was sold to the appellees, Prentice P. Cooper, and Phyllis J. Cooper, his wife, on September 14, 1967. They were advised by their attorney that Berman had a lien on the property. In June of 1969, the Coopers attempted to borrow money on the property, but were advised by Metropolitan Mortgage Company that they owed a sum of money to Mr. Berman, and that Berman would accept $750.00 to clear the property. The Coopers advised the Mortgage Company to subtract that amount from the loan and pay Berman. Thereafter, Morris V. Berman, as Executor of the Estate of Pauline Berman, gave a satisfaction of the Mortgage on the subject property, and the said satisfaction was recorded on June 26, 1969.
On December 7, 1970, the Trustee in bankruptcy for Heymar Holding Corporation sold to appellant, Tamiami Abstract & Title Company, all interest of Heymar Holding Corporation, including mortgages in which they had an interest in on June 26, 1968.
Appellant, Tamiami Abstract & Title Company, filed a complaint for foreclosure of said mortgage on February 9, 1973, requesting that the Trial Court order an accounting to determine the sums properly due the Appellant, and payment of sums due, and to further set aside the satisfaction of mortgage given by Berman.
The Trial Court entered a Judgment in favor of the Appellee dismissing the foreclosure action filed by the Appellant.
After due consideration of the complete record of the Trial Court, it appears to this Court that the provisions of the assignment of the mortgage from Hey-mar Holding Corporation to Pauline Ber-man vested complete ownership in the mortgage in Pauline Berman as of July 10, 1962, upon the failure of Heymar Holding Corporation. to fully repay the loan of $1,500.00. Pauline Berman was vested with the right, upon default, to take any remedy for the recovery of the debt and interest secured by the mortgage. It appears from the record that the executor of the estate of Pauline Berman elected to declare the debt in default by filing a claim in bankruptcy against Heymar Holding Corporation. In the claim he alleged that the note was in default and the entire balance was due and owing to the estate of *139 Pauline Berman. He further claimed outright possession of the mortgage under the terms of the collateral assignment. The Referee in Bankruptcy made no attempt to settle the claim with Berman or to contest the complete assignment of the mortgage. Seven years later Berman agreed to take $750.00 in satisfaction for the debt that was secured by the mortgage on the subject property. He then gave a satisfaction of the mortgage, which was duly recorded on June 26, 1969. Thereby exercising his rights under the complete assignment of the mortgage. As of July 10, 1962, he was vested with full right, title and interest in the mortgage and had the authority to fully satisfy the mortgage.
Approximately eight years after the claim was filed in bankruptcy, and over a year after the satisfaction of mortgage was placed on record, Tamiami Abstract & Title Company purchased from the Trustee in Bankruptcy for Heymar Holding Corporation, all the assets of Heymar including mortgages in which they had an interest on June 26, 1968.
It is evident to this Court that the Appellant, Tamiami Abstract & Title Company, knew, or should have known, that a claim was filed in bankruptcy claiming complete assignment of the mortgage to Berman, and that the satisfaction of the mortgage was of record on July 26, 1969. That there had been no action by the Referee in Bankruptcy to dispute the claim at any time, and therefore Heymar held no interest in the mortgage on June 26, 1968. Tamiami Abstract & Title Company Ping a company that deals with title records should have known that the mortgage in question had vested in Berman, and Ber-man had satisfied the mortgage.
Therefore, we affirm the ruling of the Trial Court finding that Tamiami Abstract & Title Company has no interest in the mortgage being foreclosed in this action.
Affirmed.