GARRETT, Judge.
Appellant seeks review of the Final Judgment entered by the trial court in favor of appellees Thomas and Patricia Hart (Harts) on their complaint to reform and foreclose a note and mortgage. The trial *13 court also ruled that appellant failed to prove the allegations of her “counterclaim” and cancelled her mortgage finding it to be null and void.
In 1984 the Harts sold their house to Robert Falcone (Mr. Falcone) “and or assigns.” At the closing, Mr. Falcone’s attorney designated Sandra Falcone (Mrs. Fal-cone) as the sole grantee on the deed, but only named Mr. Falcone as the promisor and mortgagor on the note and mortgage. The attorney recorded the deed from the Harts to Mrs. Falcone and the mortgage from Mr. Falcone to the Harts. In 1987 appellant Doris Roberts (Mrs. Roberts) recorded a mortgage given to her by Mrs. Falcone. Appellant’s mortgage on the property was executed by Mrs. Falcone’s agent acting under a power of attorney. In February of 1988 appellee Orange State Bank recorded the judgment it obtained against the Falcones. In March of 1988 appellee Ocean General Agency, Inc. (Ocean General) recorded its judgment against Mrs. Falcone. The trial court found appellant’s mortgage null and void, reformed the purchase money mortgage and note by adding Mrs. Falcone’s name, and determined that the Harts had first priority, followed by Ocean General, then Orange State Bank.
We reverse on several grounds. First, appellant did not file a counterclaim or cross-claim. Her answer only responded to the allegations of the complaint and asserted several affirmative defenses as to Mrs. Falcone. Appellant did not seek any affirmative relief or to foreclose her mortgage. Therefore, she had no burden to prove the existence of her note in the lawsuit to foreclose appellee’s mortgage.
Second, appellant’s mortgage was not null and void. Appellant produced the mortgage, note and power of attorney as recorded in the public records. Sub judice, Mrs. Roberts was not required to produce the actual note nor to provide extrinsic evidence authenticating the documents. § 90.902(2), Fla.Stat. (1989). However, we acknowledge that she may not be able to foreclose her own mortgage without producing the original note in that case. § 90.953(1), Fla.Stat. (1989); International Center of the Americas, Inc. v. Chemical Bank, 384 So.2d 725, 726 (Fla. 3d DCA 1980); In re Shelter Development Group, Inc. v. MMA of Georgia, Inc., 50 B.R. 588, 590-591 (Bankr.S.D.Fla.1985).
Third, the trial court erred as to the order of priority of the various lien or judgment holders. The Roberts’ mortgage has priority over the Harts’ mortgage and the Orange State Bank judgment and the Ocean General lien. Because Mr. Falcone did not own the property when he executed his mortgage, that mortgage was not valid and did not affect the priority of appellant’s mortgage. Wagner v. Roberts, 320 So.2d 408, 410 (Fla. 2d DCA 1975). Because the subsequent reformation of Mr. Falcone’s mortgage could not act to the detriment of appellant, an intervening party without notice, the reformation did not affect the priority of appellant's mortgage. Meadows v. Citicorp Leasing, 511 So.2d 622 (Fla. 5th DCA 1987); Nall v. Raybon, 451 So.2d 923 (Fla. 1st DCA 1984). Appellant’s mortgage has priority over the reformed Falcone mortgage since the reformation took place subsequent to the recording of her mortgage. Appellant’s mortgage has priority over Orange State and Ocean General[1] since the record date of her mortgage predates the recording of their judgments.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
DOWNEY and LETTS, JJ., concur.

. Ocean General has conceded that appellant’s mortgage is superior to its judgment.