In the Matter of the ESTATE OF Marc LAWRENCE, Deceased,

Charles M. Crouse, Jr., Personal Representative.

ANDERSON BANKING COMPANY, Appellant (Plaintiff Below),

v.

Anthony C. LAWRENCE, Lesli Ann Lawrence, John M. Lawrence, Appellees (Objecting Heirs Below),

and

Estate of Marc Lawrence, Deceased,

Charles M. Crouse, Jr., Personal Representative, Appellees (Defendant Below).

No. 48A02–9003–CV–166.

Court of Appeals of Indiana, Second District.

Jan. 22, 1991.

Ralph E. Sipes, Busby, Austin, Cooper & Farr, Anderson, for appellant Anderson Banking Company.

James D. Gillespie, Anderson, for appellee Estate of Marc T. Lawrence, Deceased, Charles M. Crouse, Jr., Administrator of the Estate of Marc T. Lawrence.

H. Erskine Cherry, Anderson, for appellee Objecting Heirs Lesli Ann Lawrence and John Michael Lawrence.

Don W. Peck, Anderson, for Objecting Heir Anthony Lawrence.

SHIELDS, Presiding Judge.

Anderson Banking Company appeals the adverse judgment in its action to establish that it has a preferred claim against the Estate of Marc Lawrence.

We reverse.

## ISSUES

1. Whether the description of mortgaged premises is sufficient to create a lien on real estate owned by the decedent at his death.

2. Whether Anderson Banking Company is precluded from asserting its mortgage lien.

## FACTS

On February 24, 1982 Chester T. Lawrence and Patricia Lawrence, husband and wife, conveyed the following described real estate to their sons, Michael and Marc, reserving a life estate to themselves:

Commencing at a point 625 feet North of the Southwest corner of the Southeast quarter of Section 17, Township 19 North, Range 8 East, and running thence North 1170 feet to the East bank of White River, thence in a Southeasterly

direction with the meanderings of said White River a distance of 675 feet to a point 352.5 feet East of the West line of the Southeast quarter of said Section 17, thence South 530 feet to a point 625 feet North of the South line of the Southeast quarter of said Section 17, thence West 352.5 feet to the place of beginning; being a part of the West half of the Southeast quarter of said Section 17, and containing 6.85 acres, more or less.

Record at 109. The real estate is commonly described as 228 Gilmore Road, Anderson, Indiana.

On July 5, 1984 Chester, Patricia, Michael and Marc Lawrence executed a promissory note to the Anderson Banking Company in the amount of $34,000. The promissory note was secured by a mortgage. The real estate described in the mortgage commenced 280 feet north of the southwest corner of the Southeast Quarter of Section 17, Township 19 North, Range 8 East, and proceeded east 681 feet and north 682.9 feet to the White River before proceeding in a northwesterly course with said river to the West line of the Southeast Quarter. It is undisputed the real estate described in the mortgage, in addition to including the real estate described in the February 1984 deed, also included real estate not owned by the Lawrences.

A few days later, on July 25, 1984, Chester, Patricia, Michael and Marc Lawrence conveyed a .30 acre tract to Marc. This tract is commonly described as 227 Gilmore Road, Anderson, Indiana. This 60 feet by 220 feet tract is a part of the real estate described in the February 24, 1982 deed. Three years later, on August 12, 1987, Marc Lawrence executed a loan agreement with the Anderson Banking Company in the principal amount of $13,000. The agreement was secured by a mortgage on the 227 Gilmore Road tract. The mortgage recited the tract was "free and clear of all liens and encumbrances except for the lien of taxes and assessments not delinquent and a first mortgage to Anderson Banking Company dated July 5, 1984." Record at 102.

Upon Marc's death, the personal representative of his estate sought to sell the 227 Gilmore Road tract. A dispute arose between Marc's personal representative, the Anderson Banking Company and Marc's heirs (Heirs), whether the 227 Gilmore Road tract was subject to the July 5, 1984 mortgage.

The evidence at trial consisted of the various deeds, promissory notes, and mortgages. Further, Heirs introduced into evidence the deceased's financial statement and loan application for the August 12, 1987 loan. It recited Marc owned real estate located at 227 Gilmore Road without any mortgage and an interest in 228 Gilmore Road property subject to a $32,000 mortgage to Anderson Banking Company. Heirs also introduced a credit memorandum made by a bank employee which stated, in part: "His [Marc's] home property is free and clear as a result of it being built and the financing obtained by a loan against his parent's home. Marc is paying that first mortgae [sic] of $408 a month on an Anderson Bank mortgage loan." Record at 133.

The trial court found in favor of Marc's heirs on the following grounds:

The Court further finds that as to the property owned by the decedent and sought to be sold herein, the mortgage dated July 5, 1984, or [sic] Anderson Banking Company, is insufficient to collateralize the balance due of $32,201.11, plus interest that may be due it for the reason that description is insufficient to locate the property with certainty owned by the deceased at 227 Gilmore Road.

\* \* \* \* \* \*

The Court further finds that the deceased and Anderson Banking Company both understood that the 1984 mortgage referred to above was not a lien on the property at 227 Gilmore Road, and the home equity loan in 1987 was made on that basis. Consequently, the Anderson Banking Company cannot now claim the 1984 mortgage is a valid lien on 227 Gilmore Road so as to be entitled to be paid from said proceeds due the estate.

Record at 70. Thus, the trial court ordered the Anderson Banking Company recover the amount due on the July 5, 1984 mortgage only as a general claimant.

Bank appeals.

## DISCUSSION AND DECISION

### I.

Bank claims the trial court erred when it found the description of the mortgaged property was insufficient to create a lien on the 227 Gilmore Road property. It argues the description actually identifies the 227 Gilmore Road property because the legal description of that property falls within the boundaries of the mortgaged premises. Heirs argue the description is inadequate to impose a valid lien on the 227 Gilmore Road property because the tract cannot be located with certainty by referring to the description of the mortgaged premises.

The description of the mortgage premises in the 1984 mortgage is sufficient to create a lien on the 227 Gilmore Road property.

■ As argued by Heirs, "[t]he test in determining the validity of a mortgage description so as to have valid collateral on real estate is whether or not the tract intended to be mortgaged can be located with certainty by referring to the description." Appellees' brief at 9. The description of the mortgaged premises is a facially valid legal description—i.e., the metes and bounds description encloses a tract of ground and it has a definite and ascertainable point of beginning: 280 feet north of the southwest corner of the Southeast Quarter of Section 17, Township 19 North, Range 8 East. The fact that the described premises encompasses more real estate than is owned by the mortgagors is relevant only to the issue whether there is a valid and enforceable lien on the non-owned premises; it does not impair the validity of the lien on the mortgaged premises.

The description identifies the 227 Gilmore Road property because the legal de-scription of that property falls within the description of the mortgaged premises.

The property originally known as 228 Gilmore Road which now includes property known as 228 Gilmore Road and 227 Gilmore Road is subject to the 1984 mortgage. Therefore, the trial court erred when it found the description of the mortgaged premises in the July 5, 1984 mortgage was insufficient to collateralize the balance due on the mortgage.

■ However, Heirs assert the error is harmless because the Anderson Banking Company is estopped to assert a valid mortgage lien on the 227 Gilmore Road property because both it and Marc "thought there was no mortgage on 227 Gilmore Road, and under that impression, loaned $13,000.00 thereon." Appellees' brief at 14.

The elements of estoppel are: (1) a representation or concealment of material facts; (2) the representation must be made with knowledge of the facts; (3) the party to whom it is made must be ignorant of the matter; (4) it must be made with the intent that the other party should act upon it; and (5) the other party must be induced to act upon it to his detriment. *Bogigian v. Bogigian* (1990), Ind.App., 551 N.E.2d 1149.

Here, the 1987 mortgage acknowledged the existence of the prior 1984 mortgage lien. Hence, regardless of the content of the financial statement and loan application, completed by Marc, or the content of the credit memoranda, made by a bank employee, as a matter of law there was not a representation or concealment of any material fact pertaining to the 1984 mortgage made by Bank. Further, there is no evidence Anderson Banking Company represented to Marc that the 227 Gilmore Road property was released from the 1984 mortgage lien. The statement in the credit memoranda upon which Heirs rely,[1] that "[Marc's] home property is free and clear as a result of it being built and the financing obtained by a loan against his parent's home" (Record at 133), is a statement the

---

1. Interestingly there is no evidence the content of the credit memoranda was communicated to Marc.

mortgage never existed, not a statement it was released.

Because the record is devoid of any evidence supporting Heirs claim of equitable estoppel there is no merit to Heirs' argument the trial court error pertaining to the inadequacy of the description of the mortgaged premises is harmless.

The 1984 mortgage imposes a valid and enforceable lien on the 227 Gilmore Road Property.

## II.

Bank claims the trial court's judgment is contrary to law to the extent it is based upon the finding Bank cannot claim the 1984 mortgage is a valid lien on the 227 Gilmore Road property because "the deceased and Anderson Banking Company both understood that the 1984 mortgage ... was not a lien on the property at 227 Gilmore Road, and the home equity loan in 1987 was made on that basis." Record at 70–71.

Bank argues the trial court erred because the finding is based upon Heir's Exhibits 5 and 6, Marc's financial statement and loan application and the credit memoranda, and those exhibits were erroneously admitted and improperly considered. Bank claims the heirs failed to make any showing of fraud, mistake, ambiguity, illegality, duress or undue influence such as to render parole or extrinsic evidence admissible under the rule stated in *Orme v. Estate of Kruwell* (1983), Ind.App., 453 N.E.2d 355, 356.

Heirs respond that Bank acknowledges a mistake was made in the 1984 mortgage in that the description of the mortgaged premises covered more real estate than was intended. Also, Heirs claim the description is ambiguous because "the sheriff can not [sic] possibly find the .30 acre tract or even the 6.65 acre tract" and because the financial statement and loan application and the credit memoranda "is contrary to the statement in the 1987 mortgage that it is subject to the 1984 mortgage." Appellees' brief at 15–16.

Without deciding the admissibility of the exhibits, any error would be harmless. At most the exhibits establish that, at the time of the negotiations for the 1987 loan and mortgage, there was confusion as to whether the 227 Gilmore Road property was included in the 1984 mortgaged premises. Confusion at that time is irrelevant unless it would rise to the level of equitable estoppel. We have previously determined it did not. The pertinent inquiry is whether the property known as 227 Gilmore Road was included within the description of the mortgaged premises at the time the mortgage was executed in 1984; it was. Thereafter, the inquiry could only be whether the mortgage was released; it was not.

The trial court erred in determining the 227 Gilmore Road property was not subject to the 1984 mortgage lien.

Judgment of the trial court is reversed and cause remanded for further proceedings.

MILLER and BUCHANAN, JJ., concur.

