YILLANTI, Judge.
Bank of New York Mellon appeals two orders entered by the trial court: (1) an order denying the Bank’s motion to vacate default as to Count I of the Complaint, and (2) an order granting summary judgment on Count III[1] of the Complaint in favor of P2D2, LLC, and against the Bank. We affirm the trial court’s order denying the Bank’s motion to vacate default as to Count I. But we reverse the trial court’s order granting summary judgment against the Bank on Count III of the Complaint because we find that the mortgage signed by Jorgensen conveyed to the Bank an interest in Jorgensen’s Ground Lease, and there are genuine issues of material fact regarding whether P2D2 satisfied certain conditions precedent to suit set forth in that lease.
The land at issue in this case was the subject of a Ground Lease signed in 1971 and running until the year 2071. The terms of the Ground Lease required the tenants to build a single-family dwelling on the land within two years of signing the lease. It appears that a single-family dwelling was built on the land many years before the current dispute arose.
Debra S. Jorgensen and James W. Snyder (collectively “Jorgensen”) obtained an assignment of the Ground Lease on March 81, 2005. At that time, the owner and lessor of the land (Hilda M. Strome, trustee of the Hilda M. Strome trust) signed a document consenting to the assignment of the Ground Lease to Jorgensen. That same day, Jorgensen obtained a $186,400 loan from the Bank and secured that loan with a traditional, single-family home mortgage in favor of the Bank. The mortgage documents described the property being mortgaged by simply listing the land’s address and legal description. Nowhere in the mortgage is there any indication that Jorgensen did not actually own the land described in the mortgage documents or that their only interest on that land was a lease. Notably, all of the documents signed on March 31, 2005 — the assignment of the Ground Lease, the lessor’s consent to the assignment of the Ground Lease, and the mortgage to the Bank— were handled by the same title company/attorney.
Hilda M. Strome died in February 2009 and Phillip Apple succeeded her as trustee and lessor of the property. In September 2009, he deeded the land and all of his rights and interest in the Ground Lease to P2D2. Apple is the manager of P2D2.
In December 2009, Jorgensen stopped paying on the debt to the Bank and in April 2010, the Bank filed an action against Jorgensen to foreclose the mortgage. That complaint[2] asserted that Jorgensen was the owner of the property and sought to foreclose and sell the property. The Bank did not name P2D2 as a defendant in that lawsuit and did not mention Jorgen-sen’s Ground Lease.
Jorgensen also failed to pay rent on the Ground Lease to P2D2 beginning in January 2010. In May 2010, P2D2 sent a “Ten (10) Day Notice of Demand for Rent or *208 Possession of Residential Premises” to Jorgensen.[3] The notice stated that Jor-gensen owed P2D2 delinquent rent. P2D2 sent a copy of the notice to the Bank.
Jorgensen failed to pay rent after receiving P2D2’s notice and, on September 17, 2010, P2D2 filed a three-count complaint against Jorgensen and the Bank[4] seeking eviction (Count I), rent damages (Count II), and to quiet title (Count III). Count III sought to quiet title against the Bank.
P2D2 moved for default as to Count I and the trial court entered default on that count. The Bank moved to vacate the default, but its motion was not sworn and contained nothing more than concluso-ry assertions of excusable neglect, meritorious defenses, and due diligence. The Bank filed no affidavits with its motion nor did it file an answer and affirmative defenses as to Count I. We find no error in the trial court’s order denying the Bank’s motion to vacate default.
A party seeking to vacate a default bears the burden of establishing excusable neglect, a meritorious defense, and due diligence by affidavit or sworn statement setting forth facts explaining its mistake or inadvertence. See, e.g., Coquina Beach Club Condo. Ass’n v. Wagner, 813 So.2d 1061, 1063 (Fla. 2d DCA 2002); Geer v. Jacobsen, 880 So.2d 717, 720 (Fla. 2d DCA 2004). And the defendant cannot simply state that he has meritorious defenses, but must disclose such defenses in a defensive pleading or affidavit. Pedro Realty, Inc. v. Silva, 399 So.2d 367, 369 (Fla. 3d DCA 1981). Failure to satisfy these requirements is fatal to a motion to vacate. Church of Christ Written in Heaven, Inc. v. Church of Christ Written in Heaven of Miami, Inc., 947 So.2d 557, 559 (Fla. 3d DCA 2006). In this case, the Bank satisfied none of the elements required for relief from a default and, as a result, the trial court did not abuse its discretion in denying the motion to vacate default.
As to Count III, the Bank filed an answer and affirmative defenses asserting that it held an interest in the property and that P2D2 had failed to satisfy certain conditions precedent to suit set forth in the Ground Lease. P2D2 moved for summary judgment on Count III. P2D2 made several arguments in support of summary judgment against the Bank, but its most basic argument was that the Bank never had an interest in, or a mortgage encumbering, the real property. According to P2D2, because Jorgensen never owned the real estate itself, Jorgensen did not have the authority to execute a valid mortgage in favor of the Bank using the property as security and, therefore, the Bank’s mortgage was invalid. P2D2’s related argument was that Jorgensen could have secured the mortgage with their leasehold interest. But because the mortgage documents did not mention the Ground Lease, and referred only to the land itself, Jor-gensen never actually gave the Bank a mortgage on the leasehold interest. Thus, P2D2 argued, it was entitled to quiet title against the Bank.
Presumably agreeing with P2D2’s argument,[5] the trial court granted summary *209 judgment quieting title in favor of P2D2 and declaring the Bank’s claims arising from the mortgage cancelled, null, and void. We reverse the summary judgment as to Count III because, as explained below, Jorgensen gave the Bank a mortgage on the Ground Lease and there are genuine issues of material fact as to whether P2D2 satisfied certain conditions precedent to suit set forth in that Ground Lease.
Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Verizzo v. Bank of New York, 28 So.3d 976, 977 (Fla. 2d DCA 2010). The court’s function on summary judgment is to determine whether the record conclusively shows that the moving party proved a negative: the nonexistence of any genuine issue of material fact. Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So.3d 865, 869 (Fla. 2d DCA 2011) (quoting Winston Park, Ltd. v. City of Coconut Creek, 872 So.2d 415, 418 (Fla. 4th DCA 2004)). Summary judgment is not appropriate if different reasonable inferences can be drawn from the facts. Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995); Hodge v. Cichon, 78 So.3d 719, 722 (Fla. 5th DCA), review denied, No. SC12-638, 2012 WL 3166723 (Fla. Aug. 3, 2012).
A crucial issue in this case is whether the Bank had a mortgage on Jor-gensen’s leasehold estate. The Bank claims it did and that the mortgage triggered certain protections for the Bank and certain obligations and notices from P2D2. P2D2, however, claims the Bank did not have a valid mortgage because the mortgage documents executed by Jorgensen did not expressly mention the leasehold interest.
It is true that a mortgage executed by a mortgagor who does not own the property is not valid. See, e.g., Roberts v. Hart, 573 So.2d 12, 13 (Fla. 4th DCA 1990). However, unlike the facts in Roberts, in this case Jorgensen owned a leasehold interest on the property. A leasehold interest is an asset which can be mortgaged by the lessee. Gould, Inc. v. Hydro-Ski Int’l Corp., 287 So.2d 115, 116 (Fla. 4th DCA 1973). Regardless of the language in the mortgage documents in this case, “[wjhere a mortgage purports to convey or encumber a greater estate than the mortgagor owns, it passes as much as [the mortgagor] has a right to convey.” 59 C.J.S. Mortgages § 228 (2012) (discussing property covered by a mortgage and interest conveyed); see also Estate of Lawrence v. Lawrence, 565 N.E.2d 357, 359 (Ind.Ct.App.1991) (concluding that an incorrect description of the mortgaged property did not impair the validity of the lien on the mortgage premises where the legal description of the property fell within the description of the mortgaged premises); CitiFinancial Co. v. McKinney, 27 A.D.3d 224, 226-27, 811 N.Y.S.2d 359 (N.Y.App.Div.2006) (finding mortgage valid only to the extent of the mortgagor’s one-half interest in the property in existence at the time when he entered into mortgage); Guy v. Culberson, 164 Tenn. 509, 51 S.W.2d 500, 501 (1932) (“Guy took a life estate only ... and his life estate only passed by the deed of trust under which the defendants claim, and their estate is so limited.”); see generally Kaufman v. Bernstein, 100 So.2d 801, 803 (Fla.1958) (directing the trial court in a foreclosure action to order the sale of only an undivided half-interest in the land in question because the original mortgagor only held an undivided half-interest in the land; therefore, a *210 mortgagee related to that transaction could only obtain foreclosure on a half-interest on the land).
In this case, Jorgensen pledged the Ground Lease interest as security for the mortgage, notwithstanding the fact that the Bank used incorrect nomenclature. All of the relevant documents — -the Ground Lease assignment to Jorgensen, the landlord/lessor’s consent to the Ground Lease assignment, and the mortgage from Jor-gensen to the Bank — were signed in due course the same day, using the same title agency. See generally MV Ins. Consultants, LLC v. NAFH Nat’l Bank, 87 So.3d 96, 99 (Fla. 3d DCA 2012) (explaining that documents executed by, on, or near the same time, by the same parties, and concerning the same transaction or subject matter are generally construed together). And there has been no allegation that Jor-gensen committed mortgage fraud by executing the mortgage at issue. We also note that paragraph 26 of the Ground Lease contained language contemplating the possibility of the leasehold estate being encumbered by a mortgage. Therefore, Jorgensen pledged an interest on the Ground Lease in exchange for the mortgage. This conclusion opens the door to disputed issues of material fact: whether paragraphs 16 and 26 of the Ground Lease triggered certain notice obligations and certain protections in this case. These issues will need to be addressed by the trial court on remand.[6]
Accordingly, we affirm the trial court’s order denying the Bank’s motion to vacate default as to Count I but reverse the trial court’s summary judgment on Count III and remand for further proceedings on that count.
Affirmed in part; reversed in part.
WALLACE and LaROSE, JJ., Concur.

. On appeal, the Bank had sought reversal of the summary judgment on both Counts II and III. However, Count II asserted a claim of rent damages against the tenants, Debra S. Jorgensen and James W. Snyder. As we interpret the summary judgment order, the trial court granted P2D2 summary judgment against Jorgensen and ordered Jorgensen— not the Bank — to pay rent damages to P2D2. Jorgensen did not appeal the judgment against them on Count II. Thus, the Bank has no standing to challenge the trial court's summary judgment against Jorgensen on Count II.

. The Bank's foreclosure action is not part of this appeal but is relevant background.

.The notice was sent pursuant to paragraph 16 of the Ground Lease, which stated that if the tenant defaulted in rent payments and continued to default ten days after receiving notice from the landlord, the landlord could terminate the lease.

. Another bank was also a named defendant in the lawsuit, but that bank is not a party to this appeal.

. The trial court's summary judgment order did not explain its reasoning.

. P2D2 had also argued that any interest the Bank had on the leasehold estate terminated when P2D2 obtained a default judgment of possession of the leasehold estate due to Jor-gensen’s failure to pay rents. But that argument is tied to the issues mentioned above: whether paragraphs 16 and 26 of the Ground Lease triggered certain notice obligations from P2D2 and other protections for the Bank. Those issues are for the trial court to decide.