384 So.2d 908 (1980)
The CRICKET CLUB, INC., Appellant,
v.
Frances L. BASSO, Appellee.
No. 79-2061.
District Court of Appeal of Florida, Third District.
June 3, 1980.
Rehearing Denied July 11, 1980.
*909 Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellant.
Martin D. Kahn, North Miami, for appellee.
Before HENDRY and BASKIN, JJ., and EZELL, BOYCE F., Jr., (Ret.), Associate Judge.
PER CURIAM.
In this negligence action The Cricket Club, Inc., defendant in the trial court, seeks reversal of a default judgment and a $15,500 money judgment for the plaintiff, Frances L. Basso.
Ms. Basso slipped and fell on the premises of the defendant-appellant, The Cricket Club, Inc. (the Club) and as a result sustained injuries to her foot. She filed the present negligence action against the Club which was properly served on January 5, 1979, with a summons and complaint through an employee, Berna Cosner. As one of her functions, Berna Cosner signs for all summonses and complaints served upon the Club and then forwards them to Joel Cohen, resident agent, who then contacts the Club's attorney. However, the instant complaint and summons were lost or misfiled and the Club filed no responsive pleading. Consequently, Ms. Basso filed a motion for entry of a default which was entered on February 1, 1979. Thereafter a copy of a notice for trial filed by Ms. Basso was mailed to the Club on February 19. Sometime in March, the Club became aware of the pending action and on April 6 filed a motion to set aside default on the ground of excusable neglect. Accompanying the motion was an answer alleging contributory negligence and the affidavit of Berna Cosner who stated therein that as a result of an oversight the summons and complaint were lost or misfiled. After hearing argument of counsel, the trial court denied the motion to set aside default. The cause then proceeded to a jury trial[1] on the issue of damages. A final judgment for $15,500 was entered for Ms. Basso in accordance with the jury verdict. The Club perfected this appeal from the final judgment.
For the first point on appeal the Club argues that the court erred in denying its motion to set aside default. We cannot agree.
The facts of each case are of singular importance in determining whether or not a motion to set aside default judgment should be granted. Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla. 1972). It is the duty of the trial court, not the appellate courts, to make the determination of whether or not the facts constitute excusable neglect sufficient to excuse compliance with the rules. Farish v. Lum's, Inc., 267 So.2d 325 (Fla. 1972). Further, the discretion reposed in the trial judge by Fla.R. Civ.P. 1.540 is of the broadest scope and in order to reverse a judge's ruling thereunder, there must be a showing of a gross abuse of discretion. Randle Eastern Ambulance Service, Inc. v. Vasta, 345 So.2d 1084 (Fla. 3d DCA 1977). After a review of the record in the instant case, we conclude that the Club has failed to demonstrate a gross abuse of discretion on the part of the trial court in denying its motion to set aside default. See, e.g., Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978).
The Club also urges as reversible error the refusal to permit Ms. Basso to be deposed by its attorney.
*910 After the entry of the default and the denial of its motion to set aside default, the Club commenced discovery as to damages through written interrogatories propounded to Ms. Basso, motion for compulsory physical examination and request for deposition. After a hearing, the court ordered that Ms. Basso answer the interrogatories and submit to a physical examination, but denied the Club's request to depose her. The court also granted the Club's motion to produce.
Although a defendant after default has a right to participate in and defend at the trial on the issue of damages,[2] the trial court in treating discovery matters has wide discretion which the appellate court will not ordinarily disturb. Abelson v. Bosem, 329 So.2d 330 (Fla. 3d DCA 1976); Burroughs Corporation v. White Lumber Sales, Inc., 372 So.2d 122 (Fla. 4th DCA 1979). The Club having obtained the desired information by the alternative methods of discovery through written interrogatories, production of such documents as medical bills and a compulsory physical examination, we find no abuse of discretion in the denial of the Club's request to depose Ms. Basso. Compare West v. Food Fair Stores, Inc., 305 So.2d 280 (Fla. 3d DCA 1974). Thus, this point lacks merit.
Affirmed.
NOTES
[1] The Club participated in the trial.
[2] See Stevenson v. Arnold, 250 So.2d 270 (Fla. 1971).