492 So.2d 1117 (1986)
ORLANDO PARTNERS, LTD., D/B/a Sheraton Orlando International Airport Inn, Appellant,
v.
CLASSIC TOUR LINES, Robert LaPointe, a/K/a Bob LaPointe and Joyce LaPointe, Appellees.
No. 86-58.
District Court of Appeal of Florida, Third District.
July 29, 1986.
Rehearing Denied September 10, 1986.
Elliot L. Miller, Miami Beach, for appellant.
Richard B. Austin, Miami, for appellees.
Before SCHWARTZ, C.J., and HENDRY and HUBBART, JJ.
HENDRY, Judge.
Plaintiff Orlando Partners, Ltd. appeals a non-final order setting aside a judgment and vacating a default entered against Robert and Joyce LaPointe, a husband and wife.
The issue on appeal is whether the wife's and the husband's affidavits established the requisite excusable neglect for granting relief from judgment. Fla.R.Civ.P. 1.540(b).
The wife's affidavit stated that she had been served with the summons and complaint and that she told her husband about her receipt of such papers, as he handled all legal matters. She further stated that she received the notice of hearing on the motion for entry of default, but forgot to mention it to her husband until after the time for the hearing had passed. The husband's affidavit concurred with his wife's except that he said that he did not recall his wife telling him about her receipt of the summons and complaint.
We hold that such statements do not establish excusable neglect. See Moore v. Powell, 480 So.2d 137 (Fla. 4th DCA 1985); Abel, Tony and Aldo Creative Group, Inc. v. Friday Night Investors, Inc., 419 So.2d 1135 (Fla. 3d DCA 1982); John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA 1980); Claffey v. Serafino, 338 So.2d 270 (Fla. 2d DCA 1976). Accordingly, the non-final order setting aside the judgment and vacating the default is reversed and the cause remanded for reinstatement of the judgment.
Reversed.