OPINION OF THE COURT
CAPUA, J.
The trial Court’s Final Order Disqualifying Plaintiffs Counsel from representing Plaintiff in this cause is hereby AFFIRMED.
The Order setting aside the Default Judgment is Reversed.
Appellee Association was duly served with a Summons and papers *63 and voted at a regular meeting to represent itself. Required pleadings were not filed. A Default Judgment was entered. Upon re-hearing, the Default Judgment was set aside.
Failure of Appellee’s board of directors to properly read the Summons served upon them does not constitute “excusable neglect”, “mistakes” or “inadvertence” pursuant to FRCP 1.540(b). In John Crescent, Inc. v Schwartz, 382 So.2d 383 (Fla. 4th DCA 1980), the Court held: “The failure of a party to take the required steps necessary to protect its own interests, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties.” See also Orlando Partners, Ltd. v Classic Tour Lines, 492 So.2d 1117 (Fla. 3d DCA 1968). NADLER, FERRO, JJ., concur.