627 So.2d 12 (1993)
MERRILL LYNCH Mortgage Capital, Inc., Appellant,
v.
HALLMARK INDUSTRIES, INC., Appellee.
No. 93-00621.
District Court of Appeal of Florida, Second District.
October 1, 1993.
*13 Julian Clarkson and Steven L. Brannock of Holland & Knight, Tampa, for appellant.
Kevin H. Graham and J. Todd Timmerman of Shumaker, Loop & Kendrick, Tampa, for appellee.
THREADGILL, Judge.
This case involves a dispute between Merrill Lynch Mortgage Capital, Inc. (Merrill Lynch Mortgage), and Hallmark Industries, Inc. (Hallmark), concerning their interests, as mortgagees, in real property in Florida. Hallmark filed a complaint against Merrill Lynch Mortgage seeking to quiet title and requesting a declaratory judgment as to its rights and obligations under its mortgage. Merrill Lynch Mortgage appeals nonfinal orders denying its motions to vacate a final judgment entered upon default.
Merrill Lynch Mortgage argues that its motion to vacate the default judgment should have been granted. To set aside a default, a party must demonstrate excusable neglect, a meritorious defense and due diligence. S.B. Partners v. Holmes, 479 So.2d 280 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 68 (Fla. 1986). In order to reverse a trial court's ruling on a motion to vacate a default, a gross abuse of discretion must be shown. Id.
In the instant case, Hallmark concedes that Merrill Lynch Mortgage acted with due diligence in seeking to have the judgment vacated and default set aside.
Merrill Lynch Mortgage has also demonstrated a meritorious defense. A meritorious defense may be shown by either an unverified pleading or an affidavit. Collins v. Collins, 519 So.2d 729, 730 (Fla. 2d DCA 1988); Westinghouse Elevator Co. v. DFS Construction Co., 438 So.2d 125 (Fla. 2d DCA 1983). Merrill Lynch Mortgage's answer to the complaint, filed with its second motion to vacate the default, alleges several affirmative defenses which satisfy this requirement.
To demonstrate excusable neglect, Merrill Lynch Mortgage filed the affidavits of two Merrill Lynch Credit Corporation employees. The affidavits establish that Merrill Lynch Credit is responsible for administering and maintaining all business records for Merrill Lynch Mortgage's notes and mortgages in Florida. The affidavits also reflect a corporate policy whereby Merrill Lynch Credit routinely accepts service of process for Merrill Lynch Mortgage on its Florida cases. The affidavits state that if Merrill Lynch Credit had received notice of the action, the action would have been vigorously defended. Instead, however, the complaint was served on the registered agent of Merrill Lynch Mortgage in Delaware. According to counsel for Merrill Lynch Mortgage, the complaint was forwarded to a Delaware executive for Merrill Lynch where it remained on the executive's desk. Merrill Lynch Credit did not receive notice of the action until approximately one week after the default judgment was entered. While there is little doubt that Merrill Lynch Mortgage was negligent in failing to ensure that the complaint was forwarded to the proper entity, the failure to follow an established corporate policy for handling lawsuits has been held to constitute excusable neglect. See Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206 (Fla. 2d DCA 1990). We conclude that it was a gross abuse of discretion not to allow Merrill Lynch Mortgage to present its defenses. We therefore reverse and remand for further proceedings.
Reversed.
CAMPBELL, A.C.J., and BLUE, J., concur.