880 So.2d 717 (2004)
Paula D. GEER, Appellant,
v.
David Neal JACOBSEN, Brian James Almengual, and Almengual & Warner, P.A., Appellees.
No. 2D03-3963.
District Court of Appeal of Florida, Second District.
May 7, 2004.
*718 Brett Alan Geer of the Geer Law Firm, L.C., Tampa, for Appellant.
No appearance for Appellees.
SILBERMAN, Judge.
Paula Geer appeals the trial court's non-final order setting aside a default and default judgment.[1] Because the order is one granting relief under Florida Rule of Civil Procedure 1.540, we have jurisdiction. See Fla. R.App. P. 9.130(a)(5). We reverse because the appellees, Brian James Almengual and Almengual & Warner, P.A. (together referred to as Almengual), failed to establish excusable neglect and a meritorious defense sufficient to permit the trial court to vacate the default and default judgment.
In March 2003 after Geer filed a lawsuit for damages, Almengual served a notice of appearance and a motion for extension of time in which to respond to the complaint. Almengual did not request a specific amount of time for the extension, did not set the motion for extension of time for hearing, and did not otherwise respond to the complaint.
On April 8, 2003, Geer served an amended complaint. After Almengual failed to *719 respond to the amended complaint, Geer served a motion for the trial court to enter a default. Almengual did not respond or take any action to prevent the entry of a default, and on May 19, 2003, the trial court entered a default. Geer then served a motion for a default judgment. On June 3, 2003, the trial court entered judgment in Geer's favor.
On the same day that the judgment was entered, Almengual served an unsworn motion to set aside or vacate default. Two days later, Almengual served an unsworn motion to set aside or vacate default judgment. Although the motion to set aside or vacate default asserted that Almengual had "a meritorious defense to the above captioned matter," neither that motion nor the motion to set aside or vacate default judgment stated the basis of any defense to Geer's claim.
On June 26, 2003, the trial court conducted a hearing on Almengual's motions. Although Almengual's attorney asserted that there had been no service of process, the trial court noted that returns of service had been filed reflecting that service had been accomplished. Almengual's attorney then stated that jurisdiction and service would not be contested. When the trial court observed that no affidavits had been filed by Almengual in support of the motions, Almengual's attorney stated that he had an affidavit with him asserting that a meritorious defense existed based on lack of jurisdiction and insufficient service. After the trial court pointed out that Almengual had waived any challenge to jurisdiction and service, the attorney requested permission to present testimony to demonstrate the existence of a meritorious defense. Over Geer's objection the trial court granted the request, and Almengual's attorney testified.
The trial judge asked the first question, which was whether the contents of the motion to set aside or vacate the default were true. The attorney stated that they were. The judge then directed Geer's attorney to proceed with cross-examination, during which Almengual's attorney testified that the meritorious defense was "[t]hat there is no basis for any fees and that 57.105 applies in this case. That was the matter I was researching to find." He added that Geer's claim was frivolous. The testimony added little else of significance concerning any meritorious defense. The record reflects that Brian Almengual was present at the hearing, but he did not testify.
The judge stated that even though Almengual's attorney "didn't quite dot his I's and cross his T's," he was satisfied that Almengual had established the necessary elements to set aside the default judgment. The judge then entered the order setting aside the default and judgment.
Geer argues that the trial judge erred by granting relief because Almengual failed to establish excusable neglect and a meritorious defense which would support setting aside the default and judgment. We agree.
As an initial matter, the default and default judgment were properly entered. After Geer served the initial complaint, Almengual served a notice of appearance and a motion for extension of time. Because these documents were not responsive pleadings within the meaning of rule 1.190(a), Geer was entitled to serve an amended complaint once as a matter of course before Almengual served a responsive pleading. See Fla. R. Civ. P. 1.190(a); Picchi v. Barnett Bank of S. Fla., N.A., 521 So.2d 1090 (Fla.1988); Vanderberg v. Rios, 798 So.2d 806 (Fla. 4th DCA 2001); Ziff v. Stuber, 596 So.2d 754 (Fla. 4th DCA 1992).
*720 Once Geer served her amended complaint, Almengual had ten days in which to respond. Fla. R. Civ. P. 1.190(a). Almengual's previously filed notice and motion did not carry over as a response to the amended complaint, and Almengual did not otherwise respond to the amended complaint. See Fla. R. Civ. P. 1.190 committee notes, 1980 amend. (noting that a response is required to an amended pleading); Abrams v. Paul, 453 So.2d 826 (Fla. 1st DCA 1984) (stating that an answer to the original complaint did not carry over as a response to the amended complaint).
Because Almengual failed to respond to the amended complaint, Geer served Almengual with notice of her application for entry of a default by the trial court, and the trial court properly entered a default pursuant to Florida Rule of Civil Procedure 1.500(b). See Picchi, 521 So.2d at 1091. Thereafter, Geer sought entry of a final judgment. The trial court properly entered a final default judgment as authorized under rule 1.500(e).
Once the default and default judgment were entered, it became Almengual's burden to demonstrate excusable neglect, a meritorious defense, and due diligence in order for the trial court to vacate the default and the judgment. Coquina Beach Club Condo. Ass'n, Inc. v. Wagner, 813 So.2d 1061, 1063 (Fla. 2d DCA 2002); Merrill Lynch Mtg. Capital, Inc. v. Hallmark Indus., Inc., 627 So.2d 12, 13 (Fla. 2d DCA 1993). Our review of the order vacating the default and default judgment is for a gross abuse of the trial court's discretion. See Merrill Lynch, 627 So.2d at 13; Garcia Ins. Agency, Inc. v. Diaz, 351 So.2d 1137, 1138 (Fla. 2d DCA 1977). Because the trial court granted relief, a higher standard is applied to overturn the decision than if the trial court had denied the motions. Lindell Motors, Inc. v. Morgan, 727 So.2d 1112, 1113 (Fla. 2d DCA 1999); Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206, 208 (Fla. 2d DCA 1990).
We recognize, as did the trial judge, that there is a strong preference for lawsuits to be determined on the merits and that courts should liberally set aside defaults under appropriate circumstances. See Marshall Davis, 558 So.2d at 207. However, the circumstances here did not support setting aside the default and the default judgment because Almengual failed to establish excusable neglect or a meritorious defense.
"Excusable neglect must be proven by sworn statements or affidavits. Unsworn assertions of excusable neglect are insufficient." DiSarrio v. Mills, 711 So.2d 1355, 1356 (Fla. 2d DCA 1998) (citations omitted); see also Collins v. Collins, 519 So.2d 729, 730 (Fla. 2d DCA 1988). Almengual's unsworn motion to set aside or vacate default stated that Almengual intended to defend the lawsuit, and "[n]o neglect was meant by failing to file an answer; rather, the Motion for Enlargement of Time was filed in order to properly research and file" a motion to dismiss. The unsworn motion to set aside or vacate default judgment provided no significant additional information demonstrating excusable neglect.
Although Almengual's attorney gave sworn testimony at the hearing, his testimony also fell woefully short of establishing excusable neglect. At best, he was under the wrong impression that he was not required to respond to the amended complaint because he had served a motion for extension of time and a notice of appearance directed to the original complaint. As previously discussed, those documents were insufficient to constitute a response to the amended complaint. The attorney's errors, even if constituting mistakes *721 of law, tactical errors, or judgmental mistakes, do not constitute excusable neglect. See Fla. High Sch., Activities, Inc. v. Latimer, 750 So.2d 762, 763 (Fla. 3d DCA 2000); State Farm Mut. Auto. Ins. Co. v. Isom, 681 So.2d 1170, 1172 (Fla. 5th DCA 1996). Similarly, an attorney's inadvertence or ignorance of the rules does not constitute excusable neglect. Spencer v. Barrow, 752 So.2d 135, 138 (Fla. 2d DCA 2000); Carter v. Lake County, 840 So.2d 1153, 1158 n. 6 (Fla. 5th DCA 2003).
Concerning a meritorious defense, it must be asserted either by a pleading or in an affidavit, and a general denial is insufficient to demonstrate the existence of a meritorious defense. Schauer v. Coleman, 639 So.2d 637, 639 (Fla. 2d DCA 1994); see also Collins, 519 So.2d at 730. If a defendant is relying on a factual defense to obtain relief from a default judgment, the ultimate facts establishing the defense must be set forth in a verified answer, sworn motion, or affidavit, or by other competent evidence. Westinghouse Elevator Co., A Div. of Westinghouse Elec. Corp. v. DFS Constr. Co., 438 So.2d 125, 126-27 (Fla. 2d DCA 1983). While an unverified pleading may be sufficient to establish a legal defense to support relief from a default judgment, the movant must "show legal grounds constituting said meritorious defense." Westinghouse, 438 So.2d at 126. For example, in American Network Transportation Management, Inc. v. A Super-Limo Co., 857 So.2d 313, 315 (Fla. 2d DCA 2003), this court found that the defendant sufficiently demonstrated the existence of a legal defense by alleging that the plaintiff failed to state a cause of action and that both the statute of limitations and laches applied. On the other hand, a conclusory assertion that a meritorious defense exists is insufficient. Hill v. Murphy, 872 So.2d 919, 921 (Fla. 2d DCA 2003).
Here, Almengual did not file a pleading or an affidavit setting forth a meritorious defense. Instead, the motions simply contained the conclusory statement that a meritorious defense existed and that a motion to dismiss would be filed. The testimony by Almengual's attorney added little as he simply asserted, without detail or explanation, that Geer was not entitled to recover attorney's fees, that Geer's claim was frivolous and subject to sanctions, and that he intended to file a motion to dismiss. These conclusory assertions were insufficient because they did not set forth a material issue of fact or establish legal grounds constituting a meritorious defense.
Because Almengual did not carry the burden to demonstrate excusable neglect and the existence of a meritorious defense, we reverse and remand for the trial court to reinstate the default judgment.
Reversed and remanded.
STRINGER and CANADY, JJ., Concur.
NOTES
[1] This court directed the appellees to file an answer brief or the appeal would proceed without it. The appellees did not file an answer brief.