901 So.2d 417 (2005)
NET ONE, LLC, Appellant,
v.
CHRISTIAN TELECOM NETWORK, LLC, Appellee.
No. 5D04-2910.
District Court of Appeal of Florida, Fifth District.
May 20, 2005.
*418 William J. Denius, of Killgore, Pearlman, et al., Orlando, for Appellant.
Phil A. D'Aniello, of Fassett, Anthony & Taylor, Orlando, for Appellee.
SHARP, W., J.
Net One, LLC appeals from an order which granted Christian Telecom Network, LLC's motion to vacate a default judgment. We remand to the trial court for further action consistent with this opinion.
Net One and Christian executed a Switchless Reseller Agreement, in which Net One agreed to engage Christian as a reseller for its telecommunication services. Pursuant to the Agreement, Net One had the right, in its sole discretion, to terminate any and all services provided to Christian and its customers. The Agreement also required that Christian make payment on invoices submitted by Net One within a certain time period. When Christian failed to pay these invoices, Net One brought suit.
A month after service of the lawsuit, Net One obtained a default judgment against Christian, and Christian moved to vacate it. Christian admitted that it had been served with process through its agent, Corporation Service Company (CSC), but claimed that due to an error in CSC's records, the summons and complaint were forwarded to the wrong address, and Christian did not receive notice of the pending lawsuit. This claim was supported by an affidavit of Paul Matthews, a CSC employee.[1] The motion also alleged, in general, that Christian had meritorious defenses to Net One's claims and "significant counterclaims" against Net One which could include damages in excess of $100,000.
At the hearing on the motion, Net One's attorney said he did not oppose Christian's claim of due diligence and excusable neglect. He opposed the motion on the ground that Christian failed to adequately establish it had meritorious defenses. Prior to the hearing, no specific defenses had been set out in any pleading, proposed pleading, by affidavit, or in the motion itself, as required by Florida case *419 law. In order to set aside a default judgment, a party must show excusable neglect, due diligence, and a specific meritorious defense.
At the hearing, Christian's attorney described to the court various meritorious defenses: Christian had not paid its bills because it did not receive the services promised by Net One; and Net One had dropped some of its 800 numbers, which had cost Christian over $100,000 in damages. The trial court determined, at that hearing, that it was going to vacate the default and ordered Christian's counsel to prepare the order.
An order was rendered by the court, but it merely granted Christian's motion and allowed Christian to file additional pleadings. Thereafter, Christian filed an answer, affirmative defenses and counterclaim. It also filed a supplemental motion to vacate the order setting aside default final judgment, because the order failed to include any language actually vacating the judgment.
This motion was heard on September 28, 2004. Christian presented an affidavit from Carl Zimmerman, its managing member, which attested to the facts and allegations in the answer as true. Net One responded that its appeal had been filed, and argued that the trial court no longer had jurisdiction to enter an order on the supplemental motion.
A party seeking to set aside a default must establish three things under Rule 1.540:(1) excusable neglect; (2) a meritorious defense; and (3) due diligence. See Geer v. Jacobsen, 880 So.2d 717 (Fla. 2d DCA 2004); Allstate Ins. Co. v. Ladner, 740 So.2d 42 (Fla. 1st DCA 1999); Schwartz v. Business Cards Tomorrow, Inc., 644 So.2d 611 (Fla. 4th DCA 1994). A defendant who seeks to vacate a default judgment may not make conclusory assertions that it has a meritorious defense, but must disclose those defenses in a defensive pleading or an affidavit. See Geer; Merrill Lynch Mortgage Capital, Inc. v. Hallmark Industries, Inc., 627 So.2d 12 (Fla. 2d DCA 1993).
However, any reasonable doubt with regard to setting aside a default judgment should be resolved in favor of vacating the default and allowing trial on the merits. Allstate. There is a strong preference for lawsuits to be determined on their merits, and courts should liberally set aside defaults under appropriate circumstances. Geer. The district court's review of a trial court's order vacating a default is for gross abuse of discretion. Geer. A higher standard is applied where the default is vacated than where the court denies the motion to vacate. Geer.
Christian established excusable neglect and due diligence, but it failed to establish meritorious defenses. The order granting Christian's motion to vacate the default judgment gave Christian ten days to file its responsive pleadings, although it failed to set aside the default judgment.
We conclude this appeal was premature. We dismiss the appeal and remand to the trial court for further proceedings. The trial court, in its discretion, may consider Christian's additional pleadings as permitted amendments, set an additional hearing on the motion to set aside the default judgment and render a final order.
We therefore remand to the trial court so that it may enter a final order, stating its reasons for vacating or not vacating the default judgment.
DISMISSED and REMANDED for further proceedings.
PLEUS and TORPY, JJ., concur.
NOTES
[1] When Christian registered to conduct business in various states, it utilized the services of Turn 4 Communications, Inc. to ensure that Christian's operations were in compliance with state and federal communications regulations. When Christian received documentation from the Florida Secretary of State's Office with respect to its registration to do business in Florida, it inadvertently recorded the contact name and address for Christian as Turn 4 Communications, Inc.