CASANUEVA, Judge.
United Capital Funding Corp. (“United Capital”) appeals the trial court’s decision to vacate the default judgment entered against Lisa Bryan, d/b/a Technamax, Inc. (“Bryan”). United Capital contends that the evidence presented by Bryan was legally insufficient to sustain a finding of excusable neglect, an element that must be met in order to set aside a default judgment. After review of the record and applicable case law, we agree.
A trial court’s decision to set aside a default judgment is reviewed for gross abuse of discretion. Benedict v. W.T. Hadlow Co., 52 Fla. 188, 42 So. 239, 241 (1906); Geer v. Jacobsen, 880 So.2d 717, 720 (Fla. 2d DCA 2004). In this case, the trial court determined that Bryan had shown excusable neglect and a meritorious defense, and the court vacated the default judgment. However, three elements must be proven for a default judgment to be set aside. The defaulting party must show: “(1) that its failure to file a responsive pleading was a result of excusable neglect; (2) that it had a meritorious defense; and (3) that it acted with due diligence in seeking relief from the default.” Allstate Floridian Ins. Co. v. Ronco Inventions, LLC, 890 So.2d 300, 301 (Fla. 2d DCA 2004). On appeal, both parties concede the issue *65 of a meritorious defense, and neither party raises the issue of due diligence. Thus, the sole issue before the court is whether the trial court’s determination that Bryan demonstrated excusable neglect was a gross abuse of discretion. We conclude that it was.
The element of excusable neglect must be proven by a sworn statement or affidavit. DiSarrio v. Mills, 711 So.2d 1355, 1356 (Fla. 2d DCA 1998); Schauer v. Coleman, 639 So.2d 637, 638-39 (Fla. 2d DCA 1994). The burden rests on the defaulting party to prove it has a legal excuse for fading to respond to the plaintiffs complaint. See Homblower v. Cobb, 932 So.2d 402, 406 (Fla. 2d DCA 2006); Stone-Rich Props, v. Britt, 706 So.2d 330, 332 (Fla. 2d DCA 1998). In the instant case, Bryan did file a sworn affidavit with the court, but in the affidavit, Bryan failed to offer any reason for her failure to respond to the plaintiffs complaint. Since the affidavit did not address the issue of why Bryan failed to file a timely response, it was insufficient, as a matter of law, to satisfy the element of excusable neglect. See Rivera v. Dep’t of Revenue, 899 So.2d 1265, 1267 (Fla. 2d DCA 2005) (noting excusable neglect cannot be established if a party offers no facts to support a finding of legal excuse for failure to comply with the rules of civil procedure). Therefore, the trial court’s finding of excusable neglect was erroneous, and the decision to set aside the default judgment was a gross abuse of discretion.
Reversed and remanded for reinstatement of the default judgment.
VILLANTI, J., Concurs.
ALTENBERND, J., Concurs with opinion in which VILLANTI, J., Concurs.