PER CURIAM.
The Church of Christ Written in Heaven, Inc., a Georgia non-profit corporation, appeals an order vacating a default judgment entered against appellee The Church of Christ Written in Heaven of Miami, Inc., a Florida corporation. We reverse because the local Miami church failed to establish excusable neglect and a meritorious defense sufficient to allow the trial court to vacate the default final judgment.
The Georgia church filed an amended complaint which it served upon the local Miami church on April 14, 2005. The local Miami church did not respond to the amended complaint and the Georgia church moved for the entry of a default. The clerk entered a default against the local Miami church. On June 27, 2005, the court entered a default final judgment against the local Miami church. The local Miami church thereafter moved to vacate the final default judgment. In its unverified motion, the local Miami church alleged that its failure to file a response was due to mistake, inadvertence and excusable neglect, and that it had a meritorious defense. At the hearing on the motion to vacate, Arturo Alfonso, who had been counsel for a separate defendant, testified that he had failed to file an Answer on behalf of the local Miami church at the time during which he filed one on behalf of the separate defendant. Alfonso also testified that he had never been retained to represent the local Miami church.
The trial court subsequently determined that there had been a showing of excusable neglect and granted the motion, finding that “while all of the procedural require *559 ments may not have been met at the outset, they [had], over the history of the case, been met.” We find that the motion to vacate was legally insufficient.
Florida law requires the party who moves to vacate the entry of a default and default judgment to demonstrate excusable neglect, a meritorious defense, and due diligence in order for the trial court to vacate a default and default judgment. See North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla.1962); Geer v. Jacobsen, 880 So.2d 717 (Fla. 2d DCA 2004); Dade Cty. v. Lambert, 334 So.2d 844 (Fla. 3d DCA 1976). Excusable neglect must be proved by sworn statements or affidavits. See Geer, 880 So.2d at 720. A conclusory assertion that a meritorious defense exists is insufficient to demonstrate the existence of a meritorious defense. Id. at 721. A party’s failure to satisfy these requirements is fatal to the success of a motion to vacate. Id.
The local Miami church’s motion to vacate contained no evidence of excusable neglect or meritorious defense. The local Miami church’s motion to vacate contained only a bare allegation of excusable neglect and meritorious defense. The motion was unverified and it did not contain any accompanying affidavit in support. The motion was thus legally insufficient. Furthermore, at the hearing on the motion, the local Miami church did not present any testimony to support a showing of excusable neglect. Alfonso’s testimony at the hearing on the motion, where he stated that he never represented the local Miami church, actually disproved local Miami church’s claim of excusable neglect.
Although courts favor the disposition of cases on the merits, a trial court abuses its discretion when it sets aside a default judgment underlying which is a legally insufficient motion to vacate. See Geer, 880 So.2d at 720. We must therefore reverse the trial court’s order vacating the default final judgment.
Reversed.