PER CURIAM.
 

 In this consolidated appeal, Cedar Mountain Estates, LLC, and DAL USA, LLC (collectively referred to as “Cedar Mountain”), appeal the trial court’s denial of them motion to amend their answer to assert various affirmative defenses. David Post appeals the denial of his motion to vacate a default judgment. We reverse.
 

 This appeal comes to this court from a final judgment of foreclosure against Cedar Mountain and Post. Prior to the final judgment’s entry, Cedar Mountain sought to amend its answer to include various affirmative defenses and two counterclaims for fraudulent inducement and conspiracy to defraud. The trial court denied the motion to amend on grounds that the defenses were conclusory in nature and, therefore, insufficient as a matter of law; the counterclaims did not allege fraud with particularity; the amended answer lacked indicia of reliability; and, the amended answer was contradictory to the original answer.
 

 It was error for the trial court to deny Cedar Mountain’s motion to amend because it lacked indicia of reliability or was contradictory to the original answer. Indicia of reliability is not a valid consideration when passing upon a motion to amend. The relevant inquiry is whether “allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.”
 
 State Farm Fire & Cas. Co. v. Fleet Fin. Corp.,
 
 724 So.2d 1218, 1219 (Fla. 5th DCA 1998). Cedar Mountain’s amended answer also was not contradictory to its original. This court’s i’eview of the proposed amendment reveals that the affirmative defenses sufficiently pled the necessary elements and, therefore, were not conclusory in nature. Similarly, the counterclaims pled fraud with sufficient particularity. As such, the trial court abused its discretion in denying Cedar Mountain’s motion to amend.
 
 See Wayne Creasy Agency, Inc. v. Maillard,
 
 604 So.2d 1235, 1236 (Fla. 3d DCA 1992) (as long as the amended pleading states a cause of action or raises a proper defense, it is an abuse of discretion to deny leave to amend).
 

 Post’s involvement in the lawsuit stemmed from his filing of a lis pendens against the property in an unrelated lawsuit. A final judgment was entered against Post following entry of a clerk’s default. Seven days later, Post filed a motion to vacate the default and for rehearing and reconsideration of the final judgment of foreclosure. The trial court subsequently denied Post’s motion without a hearing. That denial was erroneous, because Post was entitled to a hearing before the court, sua sponte, entered an order of denial.
 

 
 *17
 
 Florida courts have consistently adhered to a “policy of liberally setting aside defaults so that controversies can be decided on their merits.”
 
 Conidaris v. Credit Alliance Corp.,
 
 558 So.2d 523, 525 (Fla. 5th DCA 1990);
 
 see also Somero v. Hendry Gen. Hosp.,
 
 467 So.2d 1103, 1104 (Fla. 4th DCA 1985) (“It is axiomatic that Florida jurisprudence favors liberality in the area of setting aside defaults in order that parties may have their controversies decided on the merits.”) (citing
 
 N. Shore Hosp., Inc. v. Barber,
 
 143 So.2d 849 (Fla.1962)). Still, to prevail on a motion to vacate a default judgment, the moving party must establish: (1) excusable neglect; (2) a meritorious defense; and (3) due diligence. Fla. R. Civ. P. 1.540;
 
 Net One, LLC v. Christian Telecom Network, LLC,
 
 901 So.2d 417, 419 (Fla. 5th DCA 2005).
 

 Here, Post established a meritorious defense by filing a responsive pleading alleging multiple affirmative defenses, a copy of which he attached to his motion.
 
 See, e.g., Geer v. Jacobsen,
 
 880 So.2d 717, 721 (Fla. 2d DCA 2004) (noting that a meritorious defense “must be asserted either by a pleading or in an affidavit, and [that] a general denial is insufficient to demonstrate the existence of a meritorious defense.”) (citations omitted). Post’s motion was signed by counsel and also recited facts that, if proven, would support findings of excusable neglect and due diligence. We recognize that excusable neglect and due diligence must ultimately be established with evidence — either sworn testimony or affidavits — and that Post’s motion was unsworn. However, the Florida Rules of Civil Procedure clearly do not require the motion to be verified.
 
 See
 
 Fla. R. Civ. P. 1.540(b) (setting forth requirements for a motion for relief from judgment, which do not include affidavits or verification) and Fla. R. Civ. P. 1.030 (providing that “[e]xcept when otherwise specifically provided by these rules or an applicable statute, every written pleading or other paper of a party represented by an attorney need not be verified or accompanied by an affidavit.”) For this reason, a rule 1.540 motion alleging a sufficient basis for relief cannot be summarily denied without affording the movant an evidentia-ry hearing.
 

 REVERSED and REMANDED.
 

 LAWSON, and COHEN, JJ, and HUDSON, M., Associate Judge, concur.