NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PROFESSIONAL GOLF GLOBAL
GROUP, LLC and LYNN VAN
ARCHIBALD,

      Appellants,

v.

ANN HUYNH,

      Appellee.

Case No. 2D17-4602

Opinion filed August 3, 2018.

Appeal from the Circuit Court for
Hillsborough County; Gregory P. Holder,
Judge.

Jesse L. Ray and Elizabeth M. Fernandez
of Jesse Lee Ray Attorney at Law, P.A.,
Tampa (withdrew after briefing), for
Appellants.

Lynn Van Archibald, pro se.

No appearance for Appellant Professional
Golf Global Group, LLC.

Brendan R. Riley of Riley Law Group
New Port Richey, for Appellee.

CRENSHAW, Judge.

Professional Golf Global Group, LLC ("PGGG") and Lynn Van Archibald ("Archibald") appeal the trial court's nonfinal order denying their motion to set aside the judicial default and default final judgment filed under Florida Rule of Civil Procedure 1.540(b).  We have jurisdiction.  See Fla. R. App. P. 9.130(a)(5).  Because PGGG and Archibald established excusable neglect, raised meritorious defenses, and acted with due diligence, we reverse.

On June 23, 2017, Archibald was served with the summons and complaint in his individual capacity and as an officer of PGGG.  The two count complaint seeks damages for breach of contract (count I) and money lent (count II).  The complaint alleges that: Ann Huynh ("Huynh") lent Archibald $70,000 for the purpose of operating and making improvements to PGGG, a golf course; PGGG and Archibald breached the contract by failing to pay the debt; and PGGG and Archibald are jointly and severally liable for the $70,000.

On July 11, 2017, prior to the expiration of the twenty-day period in which PGGG and Archibald had to file their response, Archibald sent a letter to Huynh and her counsel advising that he was seeking counsel to represent both parties and that he needed additional time to respond to the complaint.  The letter was also mailed to the court and docketed on July 13, 2017, the day the responses were due.

That same day, July 13, 2017, Huynh filed a motion for clerk's default, which was denied.  On Tuesday, July 18, 2017, Huynh filed her motion for judicial default and mailed a copy to PGGG and Archibald.  The motion for judicial default misstated that the date for PGGG and Archibald to respond was July 9, 2017, and did not mention the letter sent by Archibald requesting more time to respond to the

complaint. The order granting the motion for judicial default was rendered Friday, July 28, 2017, and a copy was mailed to PGGG and Archibald.

On Tuesday, August 1, 2017, Huynh filed her motion for default final judgment and mailed a copy to PGGG and Archibald. The order granting the default final judgment was rendered on August 8, 2017. A copy was mailed to PGGG and Archibald.

Counsel for PGGG and Archibald filed their notice of appearance the following Friday, August 18, 2017. On Tuesday, August 22, 2017, counsel filed the motion to vacate default and default final judgment. The motion was initially unsworn; however, the trial court allowed PGGG and Archibald additional time to prepare and file an affidavit in support of their motion. The affidavit in support of the motion to vacate provided that PGGG and Archibald had been served with two lawsuits and an action for receivership, all around the same time. Archibald had contacted an attorney to represent PGGG and himself, but after Archibald received notice of the other lawsuits, and discussed them with the attorney, the attorney determined that he was unable to represent PGGG and Archibald. Archibald was looking for another attorney and had not yet retained an attorney when the responses in this case were due. Accordingly, Archibald wrote the letter to Huynh's attorney and to the court advising that he was looking to retain an attorney and needed more time to file a response to the complaint.

The affidavit also raised a number of defenses to the complaint. Specifically, the affidavit stated that the agreement between the parties was never intended to be a loan and that Huynh never loaned PGGG or Archibald $70,000. The affidavit also stated that according to the terms of the agreement, lack of payment was

- 3 -

not a breach of the agreement. Finally, the affidavit provided that Huynh breached the agreement first by failing to move out of a residence on the property, as required by the agreement. PGGG and Archibald also raised legal defenses in their motion to vacate, including that PGGG did not sign the agreement and was not a party to the agreement. After a hearing, the trial court denied the motion to set aside the default and the final default judgment.

It is well settled that courts should liberally set aside defaults so that lawsuits may be determined on their merits. A party seeking to vacate a default must demonstrate that the failure to file responsive pleadings was the result of excusable neglect, that there existed a meritorious defense, and that the party was reasonably diligent in seeking to vacate the default after he learned that the default had been entered. Szucs v. Qualico Dev., Inc., 893 So. 2d 708, 710 (Fla. 2d DCA 2005). Any reasonable doubt is to be resolved in favor of PGGG and Archibald. Id.

The affidavit of Archibald, an officer of PGGG, established that he had been speaking with an attorney, whom he wanted to hire, but that the attorney was ultimately unable to accept representation. At the time the responses were due in this case, Archibald was still looking for counsel. Archibald wrote a letter to counsel for Huynh and to the court explaining that he was looking to retain counsel and that he needed more time to respond to the complaint. This letter was timely filed within twenty days after service of the complaint and was sufficient to put Huynh on notice that PGGG and Archibald intended to defend the lawsuit. The facts alleged in the affidavit are enough to constitute excusable neglect for failing to timely respond to the complaint.

In considering whether a party acted with due diligence in moving to vacate a default, the court must consider both the extent of the delay and the reasons for the delay. Coquina Beach Club Condo. Ass'n, Inc. v. Wagner, 813 So. 2d 1061, 1064 (Fla. 2d DCA 2002). If, under the circumstances, the delay was not unreasonable, the default should be vacated. Id. The record reflects that PGGG and Archibald acted diligently once they were served with the lawsuit and again when they learned of the default. PGGG and Archibald timely requested additional time in which to file their responses to the complaint. Moreover, counsel for PGGG and Archibald filed the motion to vacate three weeks after the judicial default was rendered and two weeks after the final default judgment was rendered. Under these circumstances, the delay was not unreasonable and PGGG and Archibald demonstrated due diligence.

Finally, we conclude that PGGG and Archibald sufficiently alleged a meritorious defense. A meritorious defense must be asserted either by a pleading or in an affidavit. Merrill Lynch Mortg. Capital, Inc. v. Hallmark Indus., Inc., 627 So. 2d 12, 13 (Fla. 2d DCA 1993). If a defendant is relying on a factual defense to obtain relief from a default judgment, the ultimate facts establishing the defense must be set forth in a verified answer, sworn motion, or affidavit, or by other competent evidence. Geer v. Jacobsen, 880 So. 2d 717, 721 (Fla. 2d DCA 2004). An unverified pleading may be sufficient to establish a legal defense to support relief from a default judgment. Id.

Here, the affidavit provided that the agreement between the parties was never intended to be a loan, that Huynh never loaned either PGGG or Archibald the $70,000 alleged, that neither PGGG or Archibald breached the agreement where the agreement provides that non-payment does not constitute a breach, and that Huynh

breached the agreement first by failing to move out of a residence located on the property, as required by the agreement.  Moreover, the motion to vacate asserted that the agreement was not signed by PGGG and that PGGG was not a party to the agreement.  These facts are sufficient to set forth material issues of fact and establish legal grounds that constitute meritorious defenses.

Because PGGG and Archibald carried their burden of establishing excusable neglect, due diligence, and a meritorious defense, the trial court abused its discretion in denying the motion to vacate default and final default judgment.  We, therefore, reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.


NORTHCUTT and MORRIS, J.J., Concur.