NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHERNOFF DIAMOND & CO., LLC,

      Appellant,

v.

GALLIN ASSOCIATES, INC., d/b/a
GALLIN ASSOCIATES,

      Appellee.

Case No. 2D18-1891

Opinion filed November 14, 2018.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pinellas County;
Jack R. St. Arnold, Judge.

Christopher L. DeCort of Johnson &
Cassidy, P.A., Tampa, for Appellant.

Sheila Skellie of the Law Office of David J.
Kurland, Largo, for Appellee.

LaROSE, Chief Judge.

      Chernoff Diamond & Co., LLC, appeals the trial court's nonfinal order

setting aside the final default judgment entered against Gallin Associates, Inc. We have

jurisdiction, Fla. R. App. P. 9.030(b)(1)(B); Fla. R. App. P. 9.130(a)(5), and reverse.

      We review the trial court's order for gross abuse of discretion. See United

Capital Funding Corp. v. Technamax, Inc., 946 So. 2d 63, 64 (Fla. 2d DCA 2006). To

set aside the final default judgment, Gallin had to show: "(1) that the failure to file a responsive pleading was the result of excusable neglect; (2) that it has a meritorious defense; and (3) that it acted with due diligence in seeking relief from the default." See Allstate Floridian Ins. Co. v. Ronco Inventions, LLC, 890 So. 2d 300, 301 (Fla. 2d DCA 2004) (citing Goodwin v. Goodwin, 559 So. 2d 109 (Fla. 2d DCA 1990)).

Gallin failed to prove excusable neglect. The record demonstrates that Gallin's president, Lawrence Gallin, was served with the complaint and knew he had to respond. Yet, he put the complaint and summons in a drawer, left for vacation, and forgot about the lawsuit until he received notice of the entry of a final judgment.

We are constrained to reverse and remand for the trial court to reinstate the final default judgment. See Bethesda Mem'l Hosp., Inc. v. Laska, 977 So. 2d 804, 807 (Fla. 4th DCA 2008) ("[A] default will not be set aside where the defaulted party or his attorney (1) simply forgot or (2) intentionally ignored the necessity to take appropriate action; that is to say, where the conduct could reasonably be characterized as partaking of gross negligence or as constituting a willful and intentional refusal to act." (quoting Jeyanandarajan v. Freedman, 863 So. 2d 432, 433-34 (Fla. 4th DCA 2003))); see, e.g., Orlando Partners, Ltd. v. Classic Tour Lines, 492 So. 2d 1117, 1117 (Fla. 3d DCA 1986) (holding there was no excusable neglect where wife stated she told her husband about receipt of summons but forgot to tell him about hearing on motion for entry of default and husband did not recall knowledge of summons).

Reversed and remanded.


SILBERMAN and ATKINSON, JJ., Concur.