# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-0980

_____

JOHANNA BEANBLOSSOM,

    Appellant,

    v.

BAY DISTRICT SCHOOLS, BAY
COUNTY, FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

January 14, 2019


PER CURIAM.

Johanna Beanblossom appeals the denial of her motion for leave to amend her complaint. Beanblossom argues that the trial court abused its discretion because she had never previously sought to amend her complaint, the case was still in the summary judgment stage, and the amendments were based upon similar facts. We find no abuse of discretion and affirm.

I.

Beanblossom filed a two-count complaint against Bay District Schools in December 2013, alleging in Count I a whistle-blower claim under section 112.3187, Florida Statutes, and in Count II a negligent retention claim. The complaint alleged that

Bay District Schools did not properly investigate her complaints, fired her for making these complaints, and failed to fire the employee she complained about.

Over a year later, Bay District Schools filed a motion for summary judgment on Count I and, despite the response Beanblossom filed on the morning of the hearing almost a year later, the trial court granted the motion. Beanblossom does not assert any error as to Count I in this appeal.

Bay District Schools' answer to Beanblossom's complaint alleged as to Count II that Beanblossom failed to comply with section 768.28(6)(a), Florida Statutes, which requires notice to be provided to the State prior to bringing an action. Over two years later, Bay District Schools filed a motion for summary judgment on Count II on this basis. Beanblossom responded with plainly meritless arguments as the November 8, 2016, hearing date drew closer until November 7, at 11:34 p.m., when she filed a motion for leave to amend her complaint. This proposed amended complaint would add an additional defendant and assert four counts, including another negligence claim based on a different factual theory and a claim asserting a First Amendment violation. Bay District Schools objected.

After the November 8 hearing, the trial court entered an order granting Bay District Schools' motion for summary judgment as to Count II. The order also denied Beanblossom's motion for leave to amend the complaint, finding the following:

> Plaintiff's motion to amend comes three years into this litigation, after extensive discovery, and on the eve of a hearing for final summary judgment. This last minute request appears to be an attempt to circumvent summary judgment and escape the effects of failing to comply with section 768.28 despite being aware of the statute and having time to cure well within the statutory period. Moreover, the addition of a new defendant and the [Federal section] 1983 claim introduces new issues into the litigation. . . . Under these circumstances, the Court finds it appropriate to deny Plaintiff's motion to amend.

2

After the trial court denied Beanblossom's motion for rehearing, she filed this appeal.[1]

## II.

"The Florida Rules of Civil Procedure encourage a policy of liberality in allowing litigants to amend their pleadings, especially prior to trial; this policy exists so that cases will be tried on their merits." *Morgan v. Bank of New York Mellon*, 200 So. 3d 792, 795 (Fla. 1st DCA 2016). Although permitting pleading amendments is encouraged, when making this determination, trial courts should consider prejudice to the opposing party, abuse by the moving party, and whether the proposed amendments would be futile. *Id.* (quoting *Cedar Mountain Estates, LLC v. Loan One, LLC*, 4 So. 3d 15, 16 (Fla. 5th DCA 2009)). We review this ruling for abuse of discretion. *Id.*

Taking the last of these considerations first, we note that Beanblossom asserts that the additional claims she raised in the proposed amended complaint are not futile. We disagree. She asserted a new theory of negligence against Bay District Schools, but it suffers the same notice defect as her prior claim. And her First Amendment claim—that she was retaliated against for speaking as a citizen when making complaints to various school district personnel—is futile because she did not speak as a citizen. *See Slay v. Hess*, 621 Fed. Appx. 573, 576 (11th Cir. 2015) (quoting *Boyce v. Andrew*, 510 F. 3d 1333, 1343 (11th Cir. 2007)) ("In complaining to her superiors at work about how time was allotted, she was speaking as an employee, and when a government employee speaks as an employee 'there can be no First Amendment issue, and the constitutional inquiry ends.'"). Because the proposed amendments would have been futile, the

---

[1] Beanblossom also appeals the order granting summary judgment in favor of Bay District Schools on Count II. We find no error in this order.

trial court did not abuse its discretion in disallowing the amendments.[2]

## III.

Trial courts are encouraged to allow amendments to pleadings, but the right to amend is not unlimited. Because we find no abuse of discretion in the trial court's determination that the amendments were unwarranted, we AFFIRM.

MAKAR, WINOKUR, and WINSOR, JJ., concur.

―――――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――――

Cecile M. Scoon of Peters & Scoon, Panama City, for Appellant.

Heather K. Hudson and Dixon Ross McCloy, Jr., of Harrison, Sale, and McCloy, Panama City, for Appellee.

―――――――――――――――――

[2] Because we find that the proposed amendments would have been futile, we need not address whether they would have caused prejudice to the opposing party or whether they constituted abuse.