DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

OLYMPUS POOLS, INC., and JAMES STATEN,

Appellants,

v.

DOUGLAS GRIFFITH; JORDAN HIDALGO; STAYCATION
POOLS, INC.; POOLS BY JORDAN, LLC; UPSTATE
HOLDINGS, LLC; PINELLAS CONSTRUCTION SERVICES,
LLC; JORDAN PIERCE HIDALGO, LLC; PC3, LLC; 30 DAY
POOLS, LLC; and WESTBAY CUSTOM POOLS, LLC,

Appellees.

No. 2D2023-2060

_____

May 16, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pasco County; Susan Gardner Barthle, Judge.

Matthew E. Peterson of Peterson Law Group, PLLC, New Smyrna Beach, for Appellants.

Jason W. Imler of Imler Law, Lutz, for Appellee Douglas Griffith.

No appearance for remaining Appellees.

NORTHCUTT, Judge.

Olympus Pools, Inc., and James Staten appeal a nonfinal order setting aside a default judgment against Douglas Griffith. We affirm because the appellants have failed to provide a transcript, or an adequate

substitute, of the hearing on Griffith's motion to vacate the default judgment.

The appellants filed a lawsuit naming Griffith as one of twelve defendants. Griffith did not respond to the complaint. Following the entry of a clerk's default, the circuit court entered a default judgment against Griffith on August 31, 2022, and directed Griffith to complete a fact and information sheet. The court later ordered Griffith to show cause why he should not be held in contempt for failing to complete the fact and information sheet. This time, the appellants employed a process server to serve Griffith with the order to show cause. After being served with the order to show cause, Griffith retained counsel, and on May 18, 2023, he filed a motion to vacate the default judgment pursuant to Florida Rule of Civil Procedure 1.540.

In his motion and affidavit, Griffith recounted that he had failed to respond to the complaint because a codefendant advised him that a law firm that was representing a number of codefendants was representing him as well. Griffith also alleged that he had not received the default and default judgment when they were entered. He was alerted to them by an attorney he engaged after receiving the order to show cause.

There was no court reporter at the hearing on Griffith's motion to vacate. After the hearing, the court granted Griffith's motion to vacate the default judgment. The order did not include findings.

The facts of an individual case are "of singular importance" when determining whether to grant a motion to set aside a default judgment, and the circuit court's discretion under rule 1.540 is "of the broadest scope." *The Cricket Club, Inc., v. Basso*, 384 So. 2d 908, 909 (Fla. 3d DCA 1980). As such, a circuit court's decision to set aside a default judgment may be set aside only for a gross abuse of discretion. *See*

*Chernoff Diamond & Co. v. Gallin Assocs.*, 258 So. 3d 563, 563 (Fla. 2d DCA 2018). "Florida has 'a strong preference for lawsuits to be determined on the merits and [ ] courts should liberally set aside defaults under appropriate circumstances.' " *All My Sons Moving & Storage of Sw. Fla., Inc., v. A & E Truck Serv., LLC*, 347 So. 3d 529, 532 (Fla. 2d DCA 2022) (alteration in original) (quoting *Geer v. Jacobsen*, 880 So. 2d 717, 720 (Fla. 2d DCA 2004)). "All reasonable doubts should be resolved in favor of setting aside the default." *Szucs v. Qualico Dev., Inc.*, 893 So. 2d 708, 710 (Fla. 2d DCA 2005).

In this case, the absence of a hearing transcript undermines our ability to review the circuit court's decision. Without it or an adequate substitute, we are unable to ascertain the court's reasoning for setting aside the default or what facts, evidence, or arguments were presented at the hearing that the court relied on when granting the motion. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) (holding that affirmance was required when appellant failed to submit an adequate substitute for a transcript of an unreported hearing); *see also Cerella v. Rinker Materials Corp.*, 313 So. 2d 85, 85 (Fla. 4th DCA 1975) (affirming denial of motion to set aside default judgment based on appellant's failure to furnish an adequate record, where motion was unsworn and nonevidentiary and court was not furnished a transcript of the hearing on the motion "and such testimony as may have been taken").

Florida Rule of Appellate Procedure 9.200(b)(5) permits a party to reconstruct an unreported hearing with a statement of the evidence. "If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection." Fla. R. App. P.

9.200(b)(5).  In this case, the appellants' attorney filed a "Motion to Establish Statement of the Evidence" in the circuit court, in which he advised that the appellants were unable to file an initial brief without a hearing transcript.  The court approved the statement he submitted.

However, the document is woefully inadequate.  It consists solely of a writing prepared by the appellants' attorney before the hearing, reciting arguments he intended to make.  Manifestly, it neither describes what occurred at the hearing nor details any evidence or arguments that were presented.  As such, it is not a proper substitute for a record sufficient to permit appellate review of the circuit court's ruling.  *See Bei v. Harper*, 475 So. 2d 912, 915 (Fla. 2d DCA 1985) (affirming where statement of the evidence approved by trial judge without objection was "deficient" because it purported to recite only segments of the proceedings); *Starks v. Starks*, 423 So. 2d 452, 453 (Fla. 1st DCA 1982) (explaining that a statement that fails to recite facts presented to the lower court or contain rulings, determinations, or explanations for the lower court rulings is insufficient).

When seeking to set aside the default judgment, Griffith had to establish "(1) excusable neglect in failing timely to file a response; (2) a meritorious defense; and (3) due diligence in requesting relief after discovery of the default."  *Santiago v. Mauna Loa Invs., LLC,* 189 So. 3d 752, 758 (Fla. 2016); Fla. R. Civ. P. 1.540.  While Griffith's motion and accompanying affidavit alleged facts bearing on his excusable neglect and due diligence, it failed to allege a meritorious defense.  But our limited record does not reflect that the appellants objected to the motion or moved to strike it on that basis.

Moreover, case law allows for the possibility that Griffith might well have demonstrated all three elements at the hearing on the motion, for

which we have no transcript. Thus, in *Geer*, this court recognized that when moving to set aside a default judgment the defendant must present facts establishing a meritorious defense "in a verified answer, sworn motion, or affidavit, *or by other competent evidence*." 880 So. 2d at 721 (emphasis added). The defendants in that case did not file a pleading or affidavit setting forth a meritorious defense; their motion to set aside the default judgment simply contained a conclusory statement that a meritorious defense existed. *Id.* The defendants' attorney testified at the hearing on the motion, but this court observed that he "added little" because he simply "asserted, without detail or explanation," that the plaintiff was not entitled to attorneys' fees, that his claim was frivolous, and that the defendants intended to file a motion to dismiss. *Id.* "These conclusory assertions were insufficient because they did not set forth a material issue of fact or establish legal grounds constituting a meritorious defense." *Id.* For that reason, the court reversed the order setting aside the default judgment. *Id.*

The contrast between *Geer* and this case is clear. In that case, the appellant furnished an appellate record sufficient to support a conclusion that neither the filings *nor the evidence presented at the hearing* satisfied the defendants' burden to establish the existence of a meritorious defense. Here, we lack the record necessary to permit such a conclusion. *See Farmers Prod. Credit Ass'n v. Emperador Seafoods, Inc.*, 416 So. 2d 889, 890 (Fla. 4th DCA 1982) (reversing order setting aside default judgment where motion contained only bare allegation of excusable neglect and hearing on motion was devoted almost entirely to defendants' alleged meritorious defense); *Williams v. Stack*, 366 So. 2d 872, 872 (Fla. 4th DCA 1979) (reversing order setting aside default judgment where motion did not allege existence of meritorious defense

5

and "no proof was ever submitted" concerning any legal excuse for failing to respond to the complaint); *Cerella*, 313 So. 2d at 85 (affirming denial of motion to set aside default judgment where motion was unsworn and there was a lack of transcript of the proceedings on the motion "and such testimony as may have been taken").

Because the appellants have not furnished a record demonstrating that the order setting aside the default judgment was a gross abuse of discretion, we must affirm. *See Applegate*, 377 So. 2d at 1152.

Affirmed.


ATKINSON, J., Concurs.
SILBERMAN, J., Dissents with opinion.


SILBERMAN, Judge, Dissenting.

I do not agree with the majority that the circumstances of this case support affirmance. Thus, I respectfully dissent.

Nothing in the Appellants' appendix reflects that Mr. Griffith ever set forth a meritorious defense to the complaint. As the majority acknowledges, there are three elements that a defaulting party must establish in order to get relief from a default judgment, one of which is a meritorious defense. *See Santiago*, 189 So. 3d at 758. While a trial court has broad discretion in resolving a motion to set aside a default judgment, the majority acknowledges that "[t]he facts of an individual case are 'of singular importance' " in making that determination. *See The Cricket Club, Inc.*, 384 So. 2d at 909. In my view, the key fact here that is of singular importance is Mr. Griffith's failure to show that he has a meritorious defense. Mr. Griffith's motion to vacate the default final judgment ("the motion to vacate") and his sworn affidavit filed in support

of that motion acknowledge the three elements that he had to show. But neither of those filings assert any defense to the lawsuit. Instead, the motion to vacate and affidavit focus solely on Mr. Griffith's purported excusable neglect in failing to respond to the complaint. Further, the appendix shows that Mr. Griffith has failed to file any other document suggesting the existence of a meritorious defense.

At its core, the majority opinion speculates that because there is no transcript of the hearing on the motion to vacate or an adequate substitute for a transcript, perhaps Mr. Griffith provided the court with information as to a meritorious defense at that hearing, warranting affirmance of the order granting the motion to vacate. I cannot agree.

In granting that motion, the trial court indicated that it did so based on argument and the court's review of the record. The court made no mention of the three elements, including a meritorious defense, that are required to support a motion to vacate, and it did not identify any specific documents or arguments on which it relied in making its ruling.

Because the hearing on the motion to vacate was not recorded and a court reporter was not present, the Appellants filed a Motion to Establish Statement of the Evidence with a supporting exhibit (together, the "statement of evidence"). The statement of evidence sets forth the Appellants' prepared argument in opposition to the motion to vacate, as follows:

> Mr. Griffith does not even attempt to allege a meritorious defense by pleading or affidavit as required by case law. *Geer v. Jacobsen*, 880 So. 2d 717, 721 (Fla. 2d DCA 2004) (A meritorious defense "must be asserted either by a pleading or in an affidavit, and a general denial is insufficient to demonstrate the existence of a meritorious defense."). The motion to set aside the default and attached affidavit are completely silent as to a legal or factual defense Mr. Griffith

7

has, should the default be set aside. Arguments of counsel are insufficient to prove meritorious defense.

The appendix does not show that Mr. Griffith objected to the Appellants' statement of evidence or that he offered proposed amendments to the statement of evidence as permitted by rule 9.200(b)(5). The trial court granted the motion to establish statement of the evidence. Significantly, even in Mr. Griffith's answer brief, he does not challenge the accuracy or adequacy of the statement of evidence approved by the trial court. He also does not contend that he presented any information as to a meritorious defense prior to or at the hearing on the motion to vacate. Notably, in the order setting aside the default judgment, the trial court ordered Mr. Griffith to file a responsive pleading, which confirms that no such pleading had been filed prior to or at the hearing on the motion to vacate.

In my view, the appendix adequately demonstrates that in seeking relief from the default judgment, Mr. Griffith failed to establish that he had a meritorious defense. To conclude otherwise is to rely on speculation. Therefore, I would reverse the order vacating the default judgment.

_____

Opinion subject to revision prior publication.

8